UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| MARIBEL PEREZ and DUANE PEREZ,<br><br>Plaintiffs,<br><br>v.<br><br>RADIUS GLOBAL SOLUTIONS, LLC,<br><br>Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 5:19-cv-00068<br><br>DEMAND FOR JURY TRIAL |

## **COMPLAINT**

NOW comes MARIBEL PEREZ ("Ms. Perez") and DUANE PEREZ ("Mr. Perez") (collectively, "Plaintiffs"), by and through their attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of RADIUS GLOBAL SOLUTIONS, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiffs bring this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, and the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.*, and the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code Ann. § 392 *et seq.*, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA and TCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists

1

for the state law claim pursuant to 28 U.S.C. §1367 because it arises out of the same common nucleus of operative fact as Plaintiffs' federal question claims.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Texas and a substantial portion the events or omissions giving rise to the claims occurred within the Southern District of Texas.

## PARTIES

4. Plaintiffs are consumers over 18 years-of-age residing in Webb County, Texas, which is located within the Southern District of Texas.

5. Plaintiffs are "person[s]," as defined by 47 U.S.C. §153(39).

6. Defendant promotes itself as "a leading provider of account recovery and debt collection, customer relationship management and healthcare revenue cycle management solutions."[1] Defendant is a limited liability company organized under the laws of the State of Minnesota and it maintains its principal business at 7831 Glenroy Rd., Suite 250, Edina, Minnesota 55439-5543. Defendant regularly collects upon consumers nationwide, including those located in the State of Texas.

7. Defendant is a "person" as defined by 47 U.S.C. §153(39).

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

9. Joinder of Plaintiffs' claims against Defendant is proper under Fed. R. Civ. P. 20(a)(1) as the claims arise out of the same transaction, occurrence, or series of transactions or occurrences and common questions of law or fact will arise.

---

[1] https://www.radiusgs.com/about-us/

## FACTS SUPPORTING CAUSES OF ACTION

10. Several years ago, Ms. Perez obtained student loans from Navient Solutions, LLC ("Navient") to finance her university education.

11. Due to financial hardship, Ms. Perez fell behind on her scheduled payments to Navient, thus incurring debt ("subject debt").

12. Around early 2019, Plaintiffs began receiving calls to their cellular phones, (956) XXX-9550 and (956) XXX-6150, from Defendant.

13. At all times relevant to the instant action, Plaintiffs were the sole subscribers, owners, and operators of the cellular phones numbers referenced in paragraph 12. Plaintiffs are and always have been financially responsible for the cellular phones and their services.

14. Defendant has used several numbers to place collection calls to Plaintiffs' cellular phones, including but not limited to: (956) 609-4199 and (956) 609-4163.

15. Upon information and belief, the above-referenced phone numbers are regularly utilized by Defendant during its debt collection activity.

16. Upon answering phone calls from Defendant, Plaintiffs have been subjected to pre-recorded messages asking them to hold on the line, followed by a noticeable pause, lasting several seconds in length, before being connected with a live representative.

17. Plaintiffs, through their contacts with Defendant, were informed that Defendant was acting as a debt collector attempting to collect upon the subject debt.

18. With the goal of appeasing Defendant so that its collection campaign would cease, Plaintiffs agreed to enter into a payment plan in which they would submit $50.00 a month to Defendant.

19. Despite Plaintiffs' efforts, Defendant continued calling their cellular phones, which caused Plaintiffs to demand that it stop contacting them.

20. On at least one occasion, Defendant was made aware that it was inconveniencing Mr. Perez by continuously contacting him while he was at his place of employment during regular business hours.

21. Plaintiffs have received not less than 10 phone calls from Defendant since asking it to stop calling.

22. Frustrated over Defendant's conduct, Plaintiffs spoke with Sulaiman regarding their rights, resulting in expenses.

23. Plaintiffs has been unfairly and unnecessarily harassed by Defendant's actions.

24. Plaintiffs have suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of their telephone services, loss of cellular phone capacity, diminished cellular phone functionality, decreased battery life on their cellular phones, and diminished space for data storage on their cellular phones.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

25. Plaintiffs repeat and reallege paragraphs 1 through 24 as though full set forth herein.

26. Plaintiffs are "consumer[s]" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

27. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

28. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed

or due to others. Defendant identifies itself as a debt collector and has been a member of the Association of Credit and Collection Professionals, an association of debt collectors, since 1983.[2]

29. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    a.  **Violations of FDCPA §1692c(a)(1) and §1692d**

30. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

31. Defendant violated §1692c(a)(1), d, and d(5) when it repeatedly called Plaintiffs after being notified to stop. Defendant called Plaintiffs at least 10 times after they demanded that it stop calling. This repeated behavior of systematically calling Plaintiffs' cellular phones in spite of their demands was harassing and abusive. The frequency and volume of calls shows that Defendant willfully ignored Plaintiffs' pleas with the goal of annoying and harassing them.

32. Defendant was notified by Plaintiffs that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient and harassing to them. Moreover, Defendant was aware that it was inconveniencing Mr. Perez by calling him while he was at his place of employment. Therefore, Defendant was aware that its continued contacts with Mr. Perez during regular business hours were inconvenient and harassing to him.

    b.  **Violations of FDCPA § 1692e**

---

[2] https://www.acainternational.org/search#memberdirectory

33. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

34. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

35. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. In spite of the fact that Plaintiffs demanded that it stop contacting them, Defendant continued to contact Plaintiffs via automated calls. Instead of putting an end to this harassing behavior, Defendant systematically placed calls to Plaintiffs' cellular phones in a deceptive attempt to force them to answer its calls and ultimately make a payment. Through its conduct, Defendant misleadingly represented to Plaintiffs that it had the legal ability to contact them via an automated system when it no longer had consent to do so.

   c. **Violations of FDCPA § 1692f**

36. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

37. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by continuously calling Plaintiffs at least 10 times after being notified to stop. Attempting to coerce Plaintiffs into payment by placing voluminous phone calls without their permission is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiffs.

38. As pled in paragraphs 22 through 24, Plaintiffs have been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiffs, MARIBEL PEREZ and DUANE PEREZ, respectfully requests that this Honorable Court enter judgment in their favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiffs statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiffs actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiffs costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiffs seeking payment of the subject debt; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

39. Plaintiffs repeat and reallege paragraphs 1 through 38 as though fully set forth herein.

40. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phones using an automatic telephone dialing system ("ATDS") *or* pre-recorded messages without their consent. The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

41. Defendant used an ATDS in connection with its communications directed towards Plaintiffs' cellular phones. The significant pause, lasting several seconds in length, which Plaintiffs have experienced during answered calls is instructive that an ATDS was being utilized to generate the phone calls. Additionally, Defendant's continued contacts to Plaintiffs after they

demanded that the phone calls stop further demonstrates Defendant's use of an ATDS. Moreover, the nature and frequency of Defendant's contacts points to the involvement of an ATDS.

42. Notwithstanding the aforementioned facts, Defendant also used pre-recorded messages when placing collection calls to Plaintiffs' cellular phones.

43. Defendant violated the TCPA by placing at least 10 phone calls to Plaintiffs' cellular phones using an ATDS and pre-recorded messages without their consent. Any consent that Plaintiffs may have given to the originator of the subject debt, which Defendant will likely assert transferred down, was specifically revoked by Plaintiffs' demands that it cease contacting them.

44. The calls placed by Defendant to Plaintiffs were regarding collection activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

45. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiffs for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiffs are otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiffs, MARIBEL PEREZ and DUANE PEREZ, respectfully requests that this Honorable Court enter judgment in their favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiffs damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiffs costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiffs seeking payment of the subject debt; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT III – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

46. Plaintiffs restate and reallege paragraphs 1 through 45 as though fully set forth herein.

47. Plaintiffs are "consumer[s]" as defined by Tex. Fin. Code Ann. § 392.001(1).

48. Defendant is a "third party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(7).

49. The subject debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

    a. **Violations of TDCA § 392.302**

50. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

51. Defendant violated the TDCA when it continued to call Plaintiffs' cellular phones at least 10 times after they notified it to stop calling. The repeated contacts were made with the hope that Plaintiffs would succumb to the harassing behavior and ultimately submit a payment. Rather than understanding Plaintiffs' situation and abiding by their wishes, Defendant continued in its harassing campaign of phone calls in hopes of extracting payment.

52. Upon being told to stop calling, Defendant had ample reason to be aware that it should not continue its harassing calling campaign. Yet, Defendant consciously chose to continue placing systematic calls to Plaintiffs' cellular phones knowing that its conduct was unwelcome.

    b. **Violations of TDCA § 392.304**

53. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.304(19) prohibits a debt collector from "using any . . . false representation or deceptive means to collect a debt or obtain information concerning a consumer."

54. Defendant violated the TDCA through the implicit misrepresentations made on phone calls placed to Plaintiffs' cellular phones. Through its conduct, Defendant misleadingly represented to Plaintiffs that it had the lawful ability to continue contacting their cellular phones using an automated system absent their consent. Such lawful ability was revoked upon Plaintiffs demanding that Defendant stop calling their cellular phones, illustrating the deceptive nature of Defendant's conduct.

WHEREFORE, Plaintiffs, MARIBEL PEREZ and DUANE PEREZ, respectfully requests that this Honorable Court enter judgment in their favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiffs to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1).

c. Awarding Plaintiffs actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2).

d. Awarding Plaintiffs punitive damages, in an amount to be determined at trial, for the underlying violations;

e. Awarding Plaintiffs costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

f. Enjoining Defendant from further contacting Plaintiffs seeking payment of the subject debt; and

g. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: May 21, 2019　　　　　　　　　　　Respectfully submitted,

s/ Nathan C. Volheim (Lead Attorney)　　　　s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103　　　　　Taxiarchis Hatzidimitriadis, Esq. #6319225
*Counsel for Plaintiff*　　　　　　　　　　　*Counsel for Plaintiff*

Admitted in the Southern District of Texas
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 568-3056 (phone)
(630) 575-8188 (fax)
nvolheim@sulaimanlaw.com

Admitted in the Southern District of Texas
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois 60148
(630) 581-5858 (phone)
(630) 575-8188 (fax)
thatz@sulaimanlaw.com